UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

C.K., an individual,

    Plaintiff,

v.                                        Case No.: 3:19-cv-01412-MMH-MCR

WYNDHAM HOTELS AND RESORTS,
INC.; HILTON WORLDWIDE HOLDINGS,
INC.; MARRIOTT INTERNATIONAL,
INC.; INTER-CONTINENTAL HOTELS
CORPORATION; and HYATT HOTELS
CORPORATION,

    Defendants.
_____/

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S MOTION TO DISMISS**

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI") by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Complaint as against WHRI and in incorporates the following Memorandum of Law in support:

WHRI moves to dismiss Plaintiff's civil claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA") because the Complaint is based on conclusory allegations that do not and cannot plausibly allege WHRI's participation in a sex-trafficking venture perpetrated by unidentified criminal traffickers. Indeed, the Complaint lacks well-pled allegations sufficient to support any element of the TVPRA claim. WHRI is the ultimate corporate parent of the franchisors of the Microtel® and Howard Johnson® brands of guest lodging facilities, which in turn entered into franchise agreements with third-party franchisees that owned, operated, and controlled the hotels at issue. Neither WHRI nor its affiliates controlled or were involved in their day-to-day operation. Accordingly, four similar cases involving WHRI were recently dismissed for failure

to state a claim. *See, e.g.*, Minute Entry (Dkt. 241), *Jane Doe 1 v. Red Roof Inns, Inc., et al.*, 1:19-cv-03840-WMR (N.D. Ga. Feb. 7, 2020) ("The Court rules the timely motions to dismiss filed by the franchisers [including WHRI] and argued today will be GRANTED . . . .").

### I. STATEMENT OF PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Plaintiff was subjected to sex trafficking between 2008 and 2012 by an unnamed trafficker at multiple hotels in the Jacksonville area, including a Microtel®-branded hotel and a Howard Johnson®-branded hotel. *See* Dkt. 1, at ¶ 6. These hotels were independently owned and operated by third-party franchisees which entered into franchise agreements with two of WHRI's corporate subsidiaries (i.e., the franchisors for the Microtel® and Howard Johnson® brands and systems). *See* Dkt. 1, at ¶¶ 10(b), 10(g), 48, 51-52. Neither WHRI nor any of its affiliates owned, operated, managed, maintained a presence at, or controlled the day-to-day operations of the hotels at issue in the Complaint.

Though the Complaint alleges generally that Plaintiff was trafficked at "the Defendants' hotels" and makes other allegations against all of the "Defendants" collectively, the Complaint never specifically alleges that Plaintiff was forced to engaged in commercial sex at the Microtel® or Howard Johnson® hotels. *See* Dkt. 1, at ¶¶ 64, 84-96, 99-101. In fact, the Complaint contains no allegations specific to the Microtel® hotel, and, as to the Howard Johnson®, it alleges only that the trafficker at times "operated out of" that facility without any specific allegations regarding to commercial sex. *See* Dkt. 1, at ¶ 76. Moreover, the Complaint does not allege that WHRI or anyone affiliated with or working for WHRI knew of or interacted with Plaintiff or her alleged trafficker in any way. Rather, the Complaint relies on conclusory, "shotgun" allegations that Defendants had "actual and/or constructive notice of drug dealing, prostitution, and/or general safety concerns" and failed to "intervene" or "prevent sexual exploitation." Dkt. 1, at ¶¶ 82, 94.

2

The crux of the Complaint—that the hospitality industry is generally aware that commercial sex activity sometimes occurs at hotels and should do more to combat this societal problem—does not state a claim under the TVPRA. *See* Dkt. 1, at ¶¶ 22-52.

## II.  LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In ruling on a motion to dismiss under Rule 12(b)(6), courts accept well-pled factual allegations set forth in the complaint as true and draw "reasonable inferences . . . in favor of the plaintiff." *Howard v. Hartford Life & Acc. Ins. Co.*, 765 F. Supp. 2d 1341, 1343 (M.D. Fla. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "[T]he plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *St. Johns Vein Ctr., Inc. v. StreamlineMD LLC*, 347 F. Supp. 3d 1047, 1052 (M.D. Fla. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Indeed, 'the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions,' which simply 'are not entitled to [an] assumption of truth.'" *Markland v. Insys Therapeutics, Inc.*, 270 F. Supp. 3d 1318, 1320 (M.D. Fla. 2017), *aff'd*, 758 F. App'x 777 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, "shotgun" pleadings do not satisfy the federal pleading standards set forth in Rule 8, and claims relying on "shotgun" allegations may be dismissed under Rule 12(b)(6).

*Brogan v. Volusia County, Florida*, 617CV745ORL40KRS, 2018 WL 2359145, at *3 (M.D. Fla. May 24, 2018) ("Shotgun pleadings fundamentally violate Federal Rule[] of Civil Procedure 8(a)(2) . . . ."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). "'Shotgun' pleadings, calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case . . . can be masked, are flatly forbidden" by Rule 8. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotations omitted). One type of "shotgun" pleading is a complaint that asserts a claim "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Id.* at 1321-22; *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) ("[T]he complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all Defendants together without explaining the factual basis for each of the Defendants' liability."). "[S]hotgun pleadings . . . fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1322.

### III.  ARGUMENTS & AUTHORITIES

Plaintiff asserts a single claim under the TVPRA. The TVPRA is a criminal statute that can give rise to civil claims. *See* 18 U.S.C. §§ 1591(a), 1595(a). Section 1595 triggers civil liability for those who commit sex-trafficking crimes and defendants who "knowingly benefit[] . . . from participation in a venture" that commits sex-trafficking crimes while the defendants knew or should have known that the venture was committing such crimes. *See* 18 U.S.C. § 1595(a) (providing that a defendant is civilly liable under the TVPRA if, *inter alia*, the defendant "participat[ed] in a venture . . . [that] has engaged in" sex-trafficking crimes in violation of Section

4

1591(a)).  The Complaint does not include well-pled factual allegations sufficient to state a claim against WHRI under the TVPRA, and the Complaint should be dismissed accordingly.

### A. WHRI Did Not Participate In A Sex-Trafficking Venture.

A stand-alone civil claim under the TVPRA requires well-pled allegations that the defendant "participat[ed] in a venture" that committed sex-trafficking crimes—i.e., a sex-trafficking venture.  18 U.S.C. §§ 1591(a), 1595(a).  A TVPRA "venture" only exists insofar as there is a common "purpose" among the participants.  Court of appeals decisions in *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) and *Bistline v. Parker*, 918 F.3d 849, 874-75 (10th Cir. 2019) are instructive.

In *Ricchio*, the complaint alleged that motel operators (the Patels) and an alleged trafficker (McLean) had previously collaborated in unspecified "commercial dealings, which [they] wished to reinstate for profit."  853 F.3d at 555.  As explained by the First Circuit Court of Appeals:

> McLean and Mr. Patel enthusiastically expressed intent to reinstate these commercial dealings by exchanging high-fives in the motel's parking lot while speaking about 'getting this thing going again,' in circumstances in which McLean's coercive and abusive treatment of Ricchio as a sex slave had become apparent to the Patels.  Ms. Patel had not only nonchalantly ignored Ricchio's plea for help in escaping from McLean's custody at the motel but, when visiting the rented quarters to demand further payment, had shown indifference to Ricchio's obvious deterioration.  And in plain daylight view of the front office of the motel, either of the Patels on duty there would have seen McLean grab Ricchio, kick her, and force her back toward the rented quarters when she had tried to escape.

*Id.* at 555 (internal alterations omitted).  The court ultimately found that the complaint adequately alleged that the motel operators participated in a sex-trafficking venture for purposes of the TVPRA because the defendants knowingly rented the room to the trafficker "***for the purpose***" of trafficking the plaintiff.  *See Ricchio*, 853 F.3d at 555-56.

In *Bistline*, drawing from the First Circuit's *Ricchio* decision, the Tenth Circuit overturned the dismissal of a TVPRA claim against lawyers for the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS"). The Tenth Circuit Court of Appeals based its determination on allegations that the lawyers "had ample notice of the illegal activities which were taking place within the FLDS community while they were actively seeking to enforce [Warren] Jeffs' control and simultaneously protecting him from any liability." *Bistline*, 918 F.3d at 874. The court noted further that the "scheme set up by [the lawyers] was designed ***expressly for the purpose of facilitating*** [Jeffs'] crimes and also ensuring that [the lawyers] would personally reap ample benefits therefrom," and that "despite extensive knowledge of the ways Mr. Jeffs was using his power to harm plaintiffs and other similarly-situated individuals, defendants continued to use their legal expertise to uphold this scheme." *Id.* at 874-75.

Furthermore, "participation" requires some "overt act" in furtherance of the trafficking; nonfeasance (i.e., the alleged failure to prevent trafficking) is not sufficient. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016). A defendant's lawful association with someone who commits sex-trafficking crimes is insufficient to show that the defendant itself "participat[ed]" in a sex-trafficking venture. *Id.*; *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) ("Because guilt, or in this case liability, cannot be established by association alone, Plaintiff must allege specific conduct that furthered the sex trafficking venture."). "In other words, some participation in the sex trafficking act itself must be shown." *Id.* As the Sixth Circuit Court of Appeals has cautioned, construing the phrase "participation in a venture" otherwise would "create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 F. App'x at 286.

In this case, the Complaint does not allege that WHRI, the Microtel® franchisor, the Howard Johnson® franchisor, or anyone else associated with the hotels shared a "common purpose" with the alleged trafficker. At most, the Complaint alleges (albeit in conclusory fashion unsupported by well-pled factual allegations) that the Microtel® and Howard Johnson® hotels were instrumentalities for the trafficker's illicit activities, which cannot form the basis for a "venture" under the TVPRA.[1] Moreover, WHRI—as the ultimate parent company of the franchisors for the Microtel® and Howard Johnson® brands—did not own, operate, manage, maintain a presence at, or control the day-to-day operations of the hotels in question. In fact, WHRI has no relationship, contractual or otherwise, with the owners/operators of the hotels at issue. Insofar as the alleged trafficker rented any rooms from the Microtel® and Howard Johnson® hotels, he did so "using cash" from third-party franchisees that have not been named in this lawsuit—not from WHRI or its subsidiaries. *See, e.g.*, Dkt. 1, at ¶ 86. In other words, even according to Plaintiff, WHRI did not participate in her alleged trafficking. Instead, the Complaint alleges that WHRI not do enough to prevent it based on broad, industry knowledge that trafficking occurs at hotels. *See, e.g.*, Dkt. 1, at ¶ 7. As noted, allegations that WHRI did not prevent sex trafficking cannot support liability

---

[1] *Cf.*, *Weir v. Cenlar FSB*, 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) ("[B]eing an 'instrumentality' does not thereby mean one shares a common purpose. Defendants allegedly used the mail in furtherance of the scheme, but that would not make the Postal Service [] a member of the enterprise."); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007) ("The only factual allegation supporting this claim is that BoC provided 'indispensable banking services' to IFS and Siu Lap. The fact that BoC provided general professional services to IFS and Siu Lap, services that BoC provides to the public at large, does not provide a basis for inferring that BoC, IFS, and Siu Lap shared a common unlawful purpose."); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2:11-CV-07166-MRP, 2012 WL 10731957, at *9 (C.D. Cal. June 29, 2012) ("At the risk of being glib, this allegation amounts to one that 'Countrywide offered to buy something, and the lenders obliged.' Western and Southern [have] identified exactly the type of arms-length business transaction, with each party pursuing its own economic interests . . . .").

under the TVPRA. *See, e.g.*, *Afyare*, 632 F. App'x at 286. The Complaint's theory of liability as to WHRI cannot be reconciled with Section 1595(a)'s "participation in a venture" requirement. *Compare Ricchio*, 853 F.3d at 555-56. The Complaint should be dismissed as to WHRI.

> **B.      WHRI Did Not Benefit, Knowingly Or Otherwise, From Plaintiff's Alleged Trafficking.**

For liability to arise under Section 1595(a) of the TVPRA, a defendant also must knowingly benefit *from* its participation in a venture that commits trafficking crimes. 18 U.S.C. § 1595(a). Benefits that do not stem directly from the alleged trafficking itself, and are not knowingly received in exchange for participating in the alleged sex-trafficking venture, are not sufficient. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) ("In other words, there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship.").

The Complaint does not plausibly allege that WHRI benefited—knowingly or otherwise—from Plaintiff's alleged trafficking. At most, the Complaint alleges that WHRI may have received royalties based on room revenue generally collected by its franchisee. *See, e.g.*, Dkt. 1, at ¶¶ 10(b), 10(g), 48, 51-52. That is insufficient. *See, e.g.*, *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("Nor have Plaintiffs offered evidence to show that Defendants were compensated 'on account of' the sex acts. . . . The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient . . . ."). Because the Complaint does not allege that WHRI or the franchisors of the Microtel® and Howard Johnson® brands benefited (let alone knowingly benefited) from or in

8

exchange for participating in Plaintiff's trafficking, Plaintiff's TVPRA claim should be dismissed as to WHRI.

      **C.     The Complaint Does Not Allege Facts Plausibly Suggesting That WHRI Knew Or Should Have Known About Plaintiff's Trafficking.**

The Complaint alleges (again in shotgun, conclusory fashion) that the Defendants "knew, or should have known, that C.K. was being trafficked . . . ." Dkt. 1, at ¶¶ 85-86. Boilerplate, shotgun allegations like these are insufficient to withstand a motion to dismiss. *See, e.g.*, *Kelsey v. Goldstar Estate Buyers Corp.*, 3:13-CV-00354-HU, 2014 WL 1155253, at *6 (D. Or. Mar. 21, 2014) (dismissing TVPRA claim where the complaint "regurgitate[ed]" the statute's language "woven together with conclusory statements and a generous use of 'and/or'").

Insofar as the Complaint implies that WHRI "should have known" about Plaintiff's alleged trafficking because the hospitality industry generally is aware that commercial sex activity sometimes occurs at hotels, *see* Dkt. 1, at ¶¶ 22-36, such allegations are insufficient to plausibly suggest that a defendant knew or should have known about the alleged trafficking of a particular plaintiff at a particular hotel. *See, e.g.*, *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017) ("Plaintiffs argue that Rubicon and Wales knew or should have known that Phatthana allegedly engaged in [trafficking] based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory. . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory.").

Furthermore, there are no well-pled allegations specific to the Microtel® and Howard Johnson® hotels that plausibly suggest that even the third-party franchisees of those hotels—let alone WHRI or its subsidiary franchisors—knew or should have known about Plaintiff's alleged

9

trafficking. In *Lawson v. Rubin*, the plaintiffs alleged that they were lured to the penthouse of a condominium complex so that Howard Rubin could sexually assault them; Blue Icarus, LLC leased that penthouse to Rubin. 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018), *reconsideration denied*, 2018 WL 7958928 (E.D.N.Y. June 11, 2018). The plaintiffs argued that Blue Icarus should have known that Rubin and others were committing sex trafficking crimes at the condominium complex in part because emergency personnel had been called regarding incidents at the penthouse on two occasions, and—according to the plaintiffs—Blue Icarus could have done more to investigate. *Id.* The court dismissed the TVPRA claim against Blue Icarus, reasoning that the allegations did not give rise to a reasonable inference that Blue Icarus was liable under the TVPRA. *Id.*

The Complaint does not include any well-pled allegations specific to the Microtel® hotel, and the few allegations specific to the Howard Johnson® hotel are not sufficient. The Complaint alleges that Plaintiff was physically assaulted at the Howard Johnson® hotel, but there are no allegations that WHRI, anyone affiliated with WHRI, or even anyone at the independently owned and operated hotel witnessed such conduct. And, while the Complaint vaguely alleges that the trafficker "operated out of" the Howard Johnson® hotel, the Complaint lacks any allegations indicating that Plaintiff was forced or coerced into commercial sex activity there. As in *Lawson*, these allegations fall short of suggesting that anyone working at the Microtel® and Howard Johnson® hotels knew or should have known of Plaintiff's alleged trafficking, and they certainly do not suggest that WHRI (the ultimate parent company of the franchisors for the Microtel® and Howard Johnson® brands) knew or should have known.

Two decisions from the Southern District of Ohio do not change this result. In denying motions to dismiss in those cases, the Ohio court improperly applied the pre-*Twombly* dismissal

10

standard, stating that "[t]he Court cannot dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2:19-CV-849, 2019 WL 4929297, at *1 (S.D. Ohio Oct. 7, 2019) (Marbley, J.) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)); *H.H. v. G6 Hospitality, LLC*, 2:19-CV-755, 2019 WL 6682152, at *1 (S.D. Ohio Dec. 6, 2019) (Marbley, J.).  These opinions also reflect a misunderstanding about franchising generally, inaccurately referring to hotel franchisor defendants as the "parent companies" of hotel franchisees. *See H.H.*, 2019 WL 6682152, at *1, *6.  The court ultimately denied the motions to dismiss in *M.A.* and *H.H.* even though there were no well-pled allegations supporting a TVPRA claim against the franchisor defendants. The decisions instead relied on "shotgun" allegations (also known as "group pleading") made against groups of defendants collectively (including the grouping of franchisors with franchisees), which—under the correct standard—cannot withstand scrutiny under a motion to dismiss. *See, e.g.*, *Brogan*, 2018 WL 2359145, at *3 ("Shotgun pleadings fundamentally violate Federal Rule[] of Civil Procedure 8(a)(2) . . . .").  Moreover, the allegations in the Complaint as to the Microtel® and Howard Johnson® hotels do not rise to the level of the allegations in *H.H* and *M.A.*, making those cases further distinguishable.

> **D.     Conclusory Allegations Of Agency/Vicarious Liability Based On A Franchising Relationship Cannot Save Plaintiff's TVPRA Claim.**

Though vague and conclusory, the Complaint appears to imply that the conduct or knowledge of staff at independently owned and operated franchised hotels, such as the Microtel® and Howard Johnson® hotels at issue here, can be imputed to WHRI based solely on the alleged franchising relationship with WHRI's subsidiaries. *See* Dkt. 1, at ¶ 56(a)(v)-(vi), (b)(v)-(vi).  As an initial matter, a plaintiff cannot satisfy the TVPRA's "participation in a venture" requirement

based on a lawful association (*e.g.*, a franchisor-franchisee relationship) unrelated to sex trafficking.  *See, e.g.*, *Afyare*, 632 F. App'x at 286; *Noble*, 335 F. Supp. 3d at 524.

Furthermore, courts in Florida and across the country recognize that, even under common law, a franchising relationship in and of itself cannot give rise to franchisor liability based on agency or vicarious liability principles.  *See, e.g.*, *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 637 F. Supp. 2d 1029, 1041 (M.D. Fla. 2009) (recognizing that a "basic franchise relationship" that permits a franchisee to "use [] the franchisor's trademarks" and "provide[s] contractual franchise support activities" cannot as a matter of law support liability as to the franchisor (citing *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995)); *accord Catalano v. GWD Mgmt. Corp.*, CV 403-167, 2005 WL 5519861, at *11 (S.D. Ga. Mar. 30, 2005), *aff'd sub nom.* 199 F. App'x 803 (11th Cir. 2006); *Kerl v. Dennis Rasmussen, Inc.*, 682 N.W.2d 328, 337-42 (Wis. 2004) ("[W]e conclude that the quality, marketing, and operational standards and inspection and termination rights commonly included in franchise agreements do not establish the close supervisory control or right of control over a franchisee necessary to support imposing vicarious liability against the franchisor . . . .").

More generally, conclusory allegations of vicarious liability—such as those in the Complaint—cannot overcome a motion to dismiss.  *See, e.g.*, *Santarlas v. Minner*, 5:15-CV-103-OC-30PRL, 2016 WL 740525, at *2 (M.D. Fla. Feb. 25, 2016) ("Plaintiff's theories of vicarious liability are conclusory, vague, and unsupported by factual allegations[.]  Count III should be dismissed."); *accord Kahama VI, LLC v. HJH, LLC*, 8:11-CV-2029-T-30TBM, 2013 WL 6511731, at *3 (M.D. Fla. Dec. 12, 2013).  And, as explained above, the allegations in the Complaint are insufficient to support a plausible inference that the third-party franchisees are liable under the TVPRA in the first instance.

For these reasons, the alleged franchising relationship between the franchised hotels and WHRI's subsidiaries cannot serve as a basis for finding WHRI liable under the TVPRA.

## IV.     CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons, WHRI respectfully requests that the Court enter an order dismissing the Complaint against WHRI with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ J. Trumon Phillips
Fredrick H.L. McClure
Florida Bar No. 147354
J. Trumon Phillips
Florida Bar No. 84568
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email:  fredrick.mcclure@dlapiper.com
           trumon.phillips@dlapiper.com
           sheila.hall@dlapiper.com

David S. Sager (*pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078-2704
Phone:  973-520-2550
Fax:  973-520-2551
Email:  david.sager@dlapiper.com
*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 20, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

               s/ J. Trumon Phillips
               Attorney

**SERVICE LIST**

T. Michael Morgan
Morgan & Morgan, P.A.
20 North Orange Avenue, 16th Floor
Orlando, FL  32801
Phone:  407-418-2031
Fax:  407-245-3384
Email:  mmorgan@forthepeople.com
         plarue@forthepeople.com
-and-
Ashley B. Landers (admitted *pro hac vice*)
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY  40507
Phone:  859-873-7406
Fax:  859-899-8805
Email:  alanders@forthepeople.com
*Attorneys for Plaintiff C.K.*

Michael A. Holtmann
Brandon J. Hechtman
Wicker Smith O'Hara McCoy & Ford, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone:  305-448-3939
Fax:  305-441-1745
Email:  mholtmann@wickersmith.com
         bhechtman@wickersmith.com
-and-
William N. Shepherd
Holland & Knight, LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL  33401
Phone:  561-650-8338
Fax:  561-650-8399
Email:  william.shepherd@hklaw.com
*Attorneys for Defendant*
*Inter-Continental Hotels Corporation*

Laura Topalli
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
111 North Orange Avenue
Suite 1200
Orlando, FL  32801
Phone:  407-203-7592
Fax:  407-648-1376
Email:  laura.topalli@wilsonelser.com
-and-
Robert E. Scott, Jr. (admitted *pro hac vice*)
Marisa A. Trasatti (admitted *pro hac vice*)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
500 East Pratt Street
Suite 600
Baltimore, MD  21202
Phone:  410-962-8408
Fax:  410-962-8758
Email:  robert.scott@wilsonelser.com
         marisa.trasatti@wilsonelser.com
*Attorney for Defendant*
*Hyatt Corporation (incorrectly named as Hyatt Hotels Corporation)*

Michael E. Lockamy
Bedell, Dittmar, DeVault, Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202
Phone:  904-353-0211
Fax:  904-353-9307
Email:  mel@bedellfirm.com
-and-
Nicole M. Perry (admitted *pro hac vice*)
Jones Day
717 Texas Street, Suite 3300
Houston, TX  77002
Phone:  832-239-3791
Fax:  832-239-3600
Email:  nmperry@jonesday.com
-and-
Bethany K. Biesenthal (admitted *pro hac vice*)
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL  60601
Phone:  312-782-3939
Fax:  312-782-8585
Email:  bbiesenthal@jonesday.com

*Attorneys for Defendant*
*Hilton Worldwide Holdings, Inc.*

Fredrick H.L. McClure
Amanda E. Reagan
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email:  fredrick.mcclure@dlapiper.com
    amy.reagan@dlapiper.com
    sheila.hall@dlapiper.com
*Attorneys for Defendant*
*Marriott International, Inc.*