IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| C.K., an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| WYNDHAM HOTELS AND RESORTS, | ) |
| INC., HILTON WORLDWIDE | ) 3:19-cv-01412 |
| HOLDINGS, INC., MARRIOTT | ) |
| INTERNATIONAL, INC., INTER- | ) |
| CONTINENTAL HOTELS | ) |
| CORPORATION, and HYATT HOTELS | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**INTER-CONTINENTAL HOTELS CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND LEAVE TO PROCEED ANONYMOUSLY [ECF No. 2]**

Defendant, Inter-Continental Hotels Corporation ("IHC"), through undersigned counsel, hereby responds to Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously ("Motion for Protective Order"), and states as follows:

IHC is sympathetic to the plight of sex-trafficking victims, and understands the deeply personal and sensitive nature of the facts alleged by Plaintiff. However, in light of pending, dispositive Motions to Dismiss filed by IHC [ECF No. 57], Hilton Worldwide Holdings, Inc. [ECF No. 20], Wyndham Hotels and Resorts, Inc. [ECF No. 59], Marriott International, Inc. [ECF No. 58], and Hyatt Hotels Corporation [ECF No. 61], IHC states that the Court does not need to examine the protective order issue until such time as the Court determines Plaintiff can state a claim. Determination of the scope of a protective order is premature and unnecessary at this time.

Should the Court be inclined to address Plaintiff's Motion for Protective Order before rendering a decision on the Motions to Dismiss, IHC believes the Parties can reach a compromise. Although civil plaintiffs are usually not entitled to proceed anonymously,[1] IHC is receptive to the entry of a protective order that grants Plaintiff anonymity in all pre-trial, public filings associated with this case. This should provide a sufficient level of protection for Plaintiff against fears of retaliation by her traffickers.

Plaintiff's Motion for Protective Order, although somewhat vague, asks for anonymity protection beyond public filings, including that Defendants be barred from "further dissemination of [her] information." (Mot. P. 2). If Plaintiff is asking to restrict IHC from <u>any use</u> of Plaintiff's identity, this goes too far and would, despite Plaintiff's argument, prejudice IHC's ability to fairly conduct discovery. Indeed, such a restriction would virtually prevent IHC from being able to investigate Plaintiff's allegations. Without the ability to use Plaintiff's name to conduct its investigation, IHC would effectively have no way to independently determine the veracity of Plaintiff's allegations. For example, IHC would not be able to effectively interview employees of the independently-owned hotel identified in the complaint and would also be unable to effectively interview law enforcement.

Given the need for defendants like IHC to investigate serious allegations levied against them, courts have permitted the use of plaintiffs' identities for "discovery purposes on the

---

[1] *See, e.g., Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (denying a plaintiff's motion to proceed anonymously in her sexual misconduct lawsuit because she had not provided "direct evidence linking disclosure of her name to a specific physical or mental injury") (citation omitted); *Doe v. Paychex, Inc.*, 2020 WL 219377, at *10 (D. Conn. Jan. 15, 2020) ("Even in cases [involving] sensitive and personal privacy interests, courts have denied plaintiffs' motions to proceed anonymously where they "do[] not assert that the disclosure of [their] name[s] would subject [them] to retaliatory physical or mental harm.") (citation omitted).

condition that defendants do not disclose it to the general public." *See Plaintiffs # 1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 277 (E.D.N.Y. 2015); *Doe v. De Amigos, LLC*, CV 11-1755 (ABJ), 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012) (granting leave to proceed anonymously, but noting that "defendants will not be barred from revealing plaintiff's identity during discovery"); *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 360 (D. Or. 2008) (permitting plaintiff to proceed anonymously in pleadings where the "defendants kn[e]w [plaintiff's] true identity, and that discovery informed by such knowledge [was] ongoing"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting plaintiff leave to proceed under a pseudonym in public filings but denying plaintiff's request for entry of a protective order concerning the plaintiff's identity with provisions that could impede defendants' discovery efforts).

Accordingly, IHC proposes that any protective order permitting Plaintiff the ability to proceed anonymously in pre-trial filings[2] also permits IHC the good-faith discretion to use her identity for the purpose of investigating the claims and allegations in this lawsuit. The proposed protective order offered to the Court by Hilton Worldwide Holdings, Inc. ("Hilton") [ECF No. 34, Exhibit A] would satisfy the Parties' respective concerns, though IHC reserves the right to revisit the issue of Plaintiff's use of a pseudonym at any trial of this case. A draft order that amends Hilton's proposed order by adding Paragraph 10, which directs the parties to address this issue in the pretrial order, is attached for the Court's review as **Exhibit A**. Indeed, this same Plaintiff's

---

[2] Although IHC agrees that Plaintiff should be permitted to proceed anonymously in pre-trial filings and court proceedings, IHC reserves the right to revisit plaintiff's anonymity in the event the case is tried to a jury. *See Lawson v. Rubin*, No. 17-cv-6404-BMC-SMG, 2019 WL 5291205, at *3 (E.D.N.Y. Oct. 18, 2019) (denying plaintiff's request to proceed to trial anonymously because it "would prejudice defendants' rights to an impartial fact-finder").

firm, representing a different plaintiff in a TVPRA matter pending in the Southern District of Ohio, has agreed to a substantially similar order. *See* **Exhibit B**, Stipulated Protective Order in *T.S. v. Intercontinental Hotels Group, et al.*, Case No. 2:19-CV-2970 (S.D. Ohio Nov. 25, 2019).

IHC respectfully submits that the Court and the Parties should wait to work on a protective order until the Court resolves the pending Motions to Dismiss. Alternatively, any protective order now entered should simultaneously provide assurances for Plaintiff's anonymity in court while also preserving IHC's ability to carefully use Plaintiff's identity in good-faith to investigate the claims made in the lawsuit.

Dated this 4th day of March, 2020.

Respectfully submitted,

**WICKER SMITH**

*/s/ Michael A. Holtmann*
Michael A. Holtmann
Florida Bar No. 981184
2800 Ponce de Leon Blvd Ste. 800
Coral Gables, FL 33134-6913
Telephone: (305) 461-8770
Facsimile: (305) 441-1745
mholtmann@wickersmith.com

**HOLLAND & KNIGHT LLP**

William N. Shepherd
Florida Bar No. 88668
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 883-2000
Facsimile: (561) 650-8399
William.shepherd@hklaw.com

**HOLLAND & KNIGHT LLP**

John M. Hamrick
Georgia Bar No. 322079
(*pro hac vice* application pending)
1180 West Peachtree Street, NW
Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
john.hamrick@hklaw.com

*Counsel for Inter-Continental*
*Hotels Corporation*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| C.K., <br><br> *Plaintiff,* <br><br> v. <br><br> Wyndham Hotels and Resorts, Inc., *et al.* <br><br> *Defendants.* | § § § § § § § § § § § § § <br> Case No.: 3:19-cv-01412-J-34MCR |

**PROTECTIVE ORDER**

It is hereby ORDERED, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 5.2, that:

1. Plaintiff C.K. is permitted to proceed pseudonymously throughout the course of these proceedings. However, Defendants reserve the right to seek alterations and/or revocation of this protective order should discovery warrant such modifications. Plaintiff and Defendants (collectively, the "Parties") will reference Plaintiff by her initials of "C.K." or as "Plaintiff" in all filings, throughout the course of discovery, and in all Court proceedings.

2. Counsel for Plaintiff shall provide to counsel for each defendant Plaintiff's true identity and identifying information ("true identity") promptly following entry of this Protective Order by the Court. As used herein, true identity includes, but is not limited to, information such as:

    a. Name, maiden name, married name, nickname, and any alias name used at any time, including, but not limited to, any names used at Defendants' hotels;

      b.     Date of birth;

      c.     Social Security Number; and

      d.     Current address and any prior addresses from 2008 to present.

Nothing in this Protective Order restricts the right of Defendants to request from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other identifying information. Nothing in this Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery.

      3.     Counsel for Plaintiff shall provide to counsel for Defendants the true identity of Plaintiff's trafficker promptly following entry of this Protective Order by the Court. Nothing in this Protective Order prevents Defendants from disclosing the identity of the trafficker(s) if it becomes necessary to the presentation of their defenses.

      4.     The Parties, as well as their agents, employees, and assigns shall keep Plaintiff's true identity confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiffs true identity to the following:

      a.     The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses;

      b.     Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

      c.     Insurance claim adjusters, employees, agents, and representatives of the Parties that are or may be required to pay any settlement or judgment in this matter on behalf of the Parties to this litigation;

      d.     The Court and court personnel;

      e.     Court reporters, recorders, and videographers engaged for depositions or video-taped trial testimony;

      f.     Any mediator appointed by the Court or jointly selected by the Parties;

    g.    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

    h.    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts for purposes of interviews, depositions, and/or testimony;

    i.    Any custodian of records, but only to the extent that Plaintiff's true identity will assist the custodian in obtaining and producing records;

    j.    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

    k.    Government agencies, agency personnel, and law enforcement, but only to the extent that the disclosure of Plaintiff's true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

    l.    Persons to whom disclosure is compelled by law, including (but not limited to) by subpoena, warrant, or court order;

    m.    Persons to whom disclosure is necessary in order for Defendants to obtain relevant discovery or otherwise prepare a good-faith defense; and

    n.    Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld;

5. All Parties and any third parties appearing or submitting filings in this case are required to redact the true identity and any identifying information (for example, Social Security Number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

6. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Protective Order, such party or non-party should seek leave of Court prior to submitting any such filing.

7. Given this Protective Order, the failure to identify Plaintiff in the Complaint need not be addressed in the pleadings-stage motions.

#73384227_v1

8. This Protective Order is voided by any intentional action of the anonymous Plaintiff or her counsel to communicate with the media, to author news articles, provide interviews to media, or request media appearances at court proceedings.

9. The Parties shall comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Protective Order.

10. This Protective Order shall govern pre-trial proceedings in this case, and any request by Plaintiff to use a pseudonym during trial should be addressed at the time of the pre-trial order.

**SO ORDERED** on this_____ day of _____, _____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

T.S.,

        Plaintiff,

INTERCONTINENTAL HOTELS
GROUP, *et al.*

        Defendants.

Case No..: 2:19-CV-2970
Chief Judge Algenon L. Marbley
Chief Magistrate Judge E.A. Preston
Deavers

## STIPULATED PROTECTIVE ORDER

AND NOW, this 22th day of November, 2019, upon stipulation of the Plaintiff T.S. ("Plaintiff") and Defendants Choice Hotels International, Inc. and InterContinental Corporation (collectively, "Defendants") (Plaintiff and Defendants, collectively, the " Parties" ), it is hereby ORDERED, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 5.2, that:

1.     Counsel for Plaintiff, T.S., shall provide to the respective counsel for the Defendants the Plaintiffs true identity and identifying information ("true identity") upon the entry of this Stipulated Protective Order by the Court. As used herein, true identity includes, but is not limited to, information such as:

    A.    Name and any alias names used at any time;
    B.    Date of birth;
    C.    Social Security Number; and
    D.    Current address and any prior addresses from 2010 to present.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, Plaintiff agrees that nothing in this Stipulated Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery.

2.  The Plaintiff is permitted to proceed pseudonymously throughout the course of these proceedings. The Parties exclusively will reference the Plaintiff through the pseudonym "T.S." or the "Plaintiff" in all filings, throughout the course of discovery, and in all Court proceedings.

3.  The Parties, as well as their agents, employees, and assigns shall keep the true identity of the Plaintiff T.S. confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose the Plaintiff's true identity to the following:

   A.  The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses;

   B.  Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

   C.  The Court, court personnel, and members of the jury; Court reporters, recorders, and videographers engaged for depositions;

   E.  Any mediator appointed by the Court or jointly selected by the Parties;

   F.  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

   G.  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that the Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying;

   H.  Any custodian of records, but only to the extent that the Plaintiff's true identity will assist the custodian in obtaining and producing records;

   I.  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

   J.  Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements; and

   K.  Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld.

4. The Court highly discourages the manual filing of any pleadings or documents under seal. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996). Thus, the Parties may seek the Court's permission to file documents that are necessarily un-redacted under seal in accordance with this process.

5. All Parties and any third-parties appearing or submitting filings in this case are required to redact the true identity and any identifying information (for example, Social Security Number, date of birth, address, medical records number) of the Plaintiff in their filings with the Court.

6. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Protective Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

7. Given this Stipulated Protective Order, the Parties agree the failure to identify Plaintiff in the Complaint need not be addressed on the pleadings stage motions.

8. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

**SO STIPULATED:**

**J. Corey Asay**
Bar No.: 0090203
MORGAN & MORGAN, P.A.
333 W. Vine St. Suite 1200
Lexington, Kentucky 40507
Attorney for Plaintiff, T.S.

**T. Michael Morgan**
*Pro Hac Vice* - Bar No.: 0062229
MORGAN & MORGAN, P.A.

**Alyson Terrell**
Bar No.: 0082271
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
Attorney for Defendant, Choice Hotels International, Inc.

**Sara M. Turner**
Pro Hac Vice - Bar No.:
Baker, Donelson, Bearman, Caldwell &

20 N Orange Ave., Suite 1600
Orlando, FL 32801
Attorney for Plaintiff, T.S.

Berkowitz, PC
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Attorney for Defendant, Choice Hotels International, Inc.
**D. Patrick Kasson**
Reminger Co., LPA
200 South Civic Center Drive, Suite 800
Columbus, Oh 43215
Email: pkasson@reminger.com
Attorney for Defendant, Inter-Continental Hotels Corporation

**IT IS SO ORDERED.**

_____
United States Magistrate Judge