UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

C.K., an individual,

    Plaintiff,

v.     Case No.: 3:19-cv-01412-MMH-MCR

WYNDHAM HOTELS AND RESORTS,
INC.; HILTON WORLDWIDE HOLDINGS,
INC.; MARRIOTT INTERNATIONAL,
INC.; INTER-CONTINENTAL HOTELS
CORPORATION; and HYATT HOTELS
CORPORATION,

    Defendants.
_____/

**DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Wyndham Hotels & Resorts, Inc. ("WHRI"), by and through undersigned counsel and pursuant to this Court's order granting leave (Dkt. 93), submits this Reply in support of its Motion to Dismiss (Dkt. 59) as follows:

## I.     PRELIMINARY STATEMENT

Plaintiff alleges horrendous conduct. But, despite its sweeping arguments, Plaintiff's opposition actually highlights the deficiencies in the Complaint. A TVPRA claim must be predicated on allegations that a defendant knowingly benefited from participation in a venture with an alleged trafficker, and that the defendant knew or should have known that the venture was engaged in a violation of the statute. Plaintiff does not challenge these pleading requirements, yet the opposition does not point to specific allegations that meet them.

WHRI is the ultimate parent company of the franchisors of the Microtel® and Howard Johnson® hotel brands, and Plaintiff acknowledges that the Microtel® and Howard Johnson® facilities at issue (the "Facilities") were independently owned and operated by third-party franchisees. *See, e.g.*, Dkt. 1, at ¶¶ 10(b), 10(g), 48, 51-52; Dkt. 83, at 14-17. Neither WHRI nor its subsidiary franchisors owned, operated, managed, or controlled the day-to-day operation of the Facilities, *see, e.g.*, Dkt. 1, at ¶¶ 48-52, nor does Plaintiff allege that they knew of or interacted with Plaintiff or her trafficker. For these reasons, the Northern District of Georgia recently dismissed four cases asserting identical TVPRA claims against WHRI.[1] The Complaint in this case lacks well-pled allegations that could plausibly suggest that WHRI (or its subsidiary

---

[1] *See Jane Doe 1 v. Red Roof Inns, Inc.*, 1:19-CV-03840-WMR, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020); *Jane Doe 2 v. Red Roof Inns, Inc.*, 1:19-CV-03841-WMR, 2020 WL 1872337 (N.D. Ga. Apr. 13, 2020); *Jane Doe 3 v. Red Roof Inns, Inc.*, 1:19-CV-03843-WMR, 2020 WL 1872333 (N.D. Ga. Apr. 13, 2020); *Jane Doe 4 v. Red Roof Inns, Inc.*, 1:19-CV-03845-WMR, 2020 WL 1872336 (N.D. Ga. Apr. 13, 2020) (each noting the absence of any well-pled allegation that the hotel franchisor defendants "ever dealt with" the plaintiffs or their alleged traffickers).

franchisors) knowingly benefited from participating in a venture with Plaintiff's alleged trafficker, or that WHRI knew or should have known that the trafficker's venture existed, and the Complaint should be dismissed.

## II. ARGUMENTS & AUTHORITIES

### A. The Complaint Is An Impermissible Shotgun Pleading.

Plaintiff argues that the Complaint is not a "shotgun" pleading because it alleges facts that should have raised "red flags with regard to the victimization of C.K." Dkt. 83, at 21. As explained in WHRI's moving brief, these "red flags" are based on conclusory allegations that lack the required factual detail to explain the basis for WHRI's liability. *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015). Plaintiff also argues that, even if the Complaint is a "shotgun" pleading, dismissal still is not warranted based on the case of *Cont'l 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1138 (M.D. Fla. 2018). Plaintiff's reliance on *Cont'l 332 Fund* omits distinguishing facts. Plaintiff fails to note that in *Cont'l 332 Fund*, the complaint contained facts specifying the "individual actions each Defendant perpetrated." That level of detail led the court to find that well-pled facts as to the "existence and purpose" of a common "scheme" among the defendants. *Cont'l 332 Fund*, 317 F. Supp. 3d at 1138. In this case, by contrast, the Complaint is predicated on conclusory allegations against all defendants collectively. *See* Dkt. 1, at ¶¶ 84-96, 98-101.

Moreover, despite acknowledging that each of the Facilities was independently owned and operated by third-party franchisees, Plaintiff fails to connect WHRI to Plaintiff or the alleged trafficker, let alone to a sex trafficking venture. There are no such facts. Even in those limited instances where the Complaint makes allegations involving the Microtel® and Howard Johnson® hotel brands, it simply copies and pastes the same allegations against every defendant. *Compare* Dkt. 1, at ¶ 56(a) (Howard Johnson®) and ¶ 56(b) (Microtel®), *with* ¶ 57 (Four Points®), ¶ 58(a)

2

(Hampton Inn®), ¶ 58(b) (Homewood Suites®), ¶ 59(c) (Embassy Suites®), ¶ 60 (Crowne Plaza®). Plaintiff's strategy of indiscriminately asserting conclusory allegations against all Defendants collectively masks the theory of recovery against WHRI and deprives WHRI the notice to which it is entitled.  *See, e.g.*, *Doe 1 v. Red Roof Inns, Inc.*, 1:19-CV-03840-WMR, 2020 WL 1872335, at *2 (N.D. Ga. Apr. 13, 2020) ("Defendants have moved to dismiss the Amended Complaint because they contend . . . it constitutes an impermissible 'shotgun' pleading.  The Court agrees.").

**B.      The Complaint Fails To State A Claim Under The TVPRA.**

    **1.      Plaintiff does not allege that WHRI participated in a TVPRA venture.**

As discussed at length in WHRI's moving brief, a civil TVPRA claim based on sex trafficking requires plausible allegations of a defendant's "participation in a venture" that committed sex trafficking crimes.  18 U.S.C. § 1595(a).  Plaintiff's factual allegations against WHRI do not meet this standard, and Plaintiff's arguments in opposition do not rescue the Complaint from dismissal.  For instance, Plaintiff argues that the definition of "participation in a venture" from Section 1591(e)(4) should not apply to Section 1595.  Plaintiff, however, ignores that courts consistently invoke the definition of "venture" in Section 1591(e)(6) to analyze civil claims brought under Section 1595.[2]  *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019) (quoting 18 U.S.C. § 1591(e)(6)); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (recognizing that a "venture" only exists for purposes of Section 1595(a) where "two or more individuals" are "associated in fact").

---

[2]  Section 1591(e)(4) was amended in 2018 to define "participation in a venture" as "knowingly, assisting, supporting, or facilitating a violation" of Section 1591(a)(1).  *See* Pub. L. 115-164, Apr. 11, 2018.  The definition of "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity" has been in place since the enactment of the statute.

3

Plaintiff's opposition also fails to rebut that participation in a TVPRA "venture" requires a common purpose among the alleged participants. The definition of a TVPRA "venture" closely tracks the RICO definition of "enterprise," as both require that participants be "associated in fact." *Compare* 18 U.S.C. § 1591(e)(6) (defining "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity") *with* 18 U.S.C. § 1961(4) (defining "enterprise" as "any . . . group of individuals associated in fact although not a legal entity"). An association in fact "requires both interpersonal relationships and a common interest." *Boyle v. United States*, 556 U.S. 938, 946 (2009)); *United States v. Turkette*, 452 U.S. 576, 583 (1981) (association in fact requires "a group of persons associated together for a common purpose"). In determining whether a defendant has "associated in fact" with a criminal trafficker for purposes of a TVPRA claim, a plaintiff must plausibly allege that the participants in the venture associated together for a common purpose. *See Plaintiff A v. Schair*, 2:11-CV-00145-WCO, 2014 WL 12495639, at *2 (N.D. Ga. Sept. 9, 2014) (finding that the civil remedy provisions in the TVPRA and RICO operate in the same manner); *Boyle*, 556 U.S. at 944 ("That an 'enterprise' must have a purpose is apparent from the meaning of the term in ordinary usage, i.e., a '***venture***,' 'undertaking,' or 'project.' The concept of 'association' requires both interpersonal relationships and a common interest." (emphasis added) (internal citations omitted)).

Yet, there are no plausible allegations of a venture between WHRI and Plaintiff's alleged trafficker in the Complaint. The rental of a hotel room by a third-party franchisee, on its own, cannot reasonably support an inference that the parent company of the franchisor shared a common purpose or otherwise "associated in fact" with the individual who rented the room. *See, e.g.*, *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) (dismissing amended complaint because there were not allegations that the defendant technology and public relations vendors

shared a common purpose with Spirit Airlines, and therefore were not "associated in fact"); *United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013) (holding that "a commercial relationship" is insufficient to show that parties were associated in fact); *Ellis v. JPMorgan Chase & Co.*, 752 F. App'x 380, 382 (9th Cir. 2018); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2:11-CV-07166-MRP, 2012 WL 10731957, at *9 (C.D. Cal. June 29, 2012); *Peters v. Aetna, Inc.*, 1:15-CV-00109-MR, 2016 WL 4547151, at *9 (W.D.N.C. Aug. 31, 2016).

At most, the Complaint suggests that the alleged trafficker used the Facilities as instrumentalities for his crime. Contrary to Plaintiff's contentions, the mere rental of a hotel room is not sufficient to establish "association in fact" or "participation in a venture" by a franchisee, let alone the franchisor or its ultimate parent company. *See, e.g.*, *Weir v. Cenlar FSB*, 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) ("[B]eing an 'instrumentality' does not thereby mean one shares a common purpose. Defendants allegedly used the mail in furtherance of the scheme, but that would not make the Postal Service [] a member of the enterprise."); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007). The cases cited by Plaintiff do not suggest otherwise, inasmuch as the TVPRA claim in each was predicated on specific allegations of a common purpose among the alleged "venture" participants, as opposed to a commercial transaction. *See, e.g.*, *Jean-Charles v. Perlitz,* 937 F. Supp. 2d 276, 288 (D. Conn. 2013); *Gilbert v. United States Olympic Comm.,* 18-CV-00981-CMA-MEH, 2019 WL 4727636, at *2 (D. Colo. Sept. 27, 2019).

Indeed, mere association, without a common purpose, cannot be the basis for TVPRA liability. *Jane Doe 1*, 2020 WL 1872335, at *3 (holding that "mere association alone cannot establish liability"). Rather, "participation" requires the commission of affirmative, overt acts in

5

furtherance of the venture, as opposed to alleged nonfeasance, such as the alleged failure to prevent trafficking. *See, e.g.*, *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016); *Ratha v. Phatthana Seafood Co., Ltd.*, CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017).[3] Construing the phrase "participation in a venture" otherwise would "create a vehicle to ensnare conduct that the statute never contemplated." *Afyare*, 632 F. App'x at 286. In this case, Plaintiff does not allege that WHRI or its subsidiary franchisors ever knew of or interacted with Plaintiff's alleged trafficker. WHRI's only alleged connection to Plaintiff or her alleged trafficker is that its subsidiaries may have received a pre-established percentage of the room revenue based on franchisee agreements with the independent owners and operators of the Facilities. *See, e.g.*, *Jane Doe 1*, 2020 WL 1872335, at *3 (dismissing TVPRA claims against WHRI and hotel franchisor defendants where the complaint lacked allegations that they "ever dealt with" the plaintiff or her alleged trafficker); *compare Ricchio*, 853 F.3d at 555-56 (finding that complaint adequately alleged a TVPRA venture between the alleged trafficker and motel operators—i.e., not hotel brand franchisors—where the operators knowingly rented a room to the alleged trafficker "for the purpose" of trafficking the plaintiff).

2. **Plaintiff does not allege that WHRI knowingly benefited from participating in a TVPRA venture with Plaintiff's trafficker.**

To establish a stand-alone civil claim under Section 1595, a plaintiff must also show that the defendant "***knowingly***" benefited "***from*** participation in a venture" that committed TVPRA

---

[3] Plaintiff criticizes WHRI's citation to *Afyare* and other cases because, according to Plaintiff, those cases relied on the definition of "participation in a venture" from Section 1591(e)(4) that Plaintiff argues would render Section 1595 internally inconsistent. Plaintiff's argument overlooks the fact that *Afyare* was decided in 2016, two years before Congress amended the TVPRA to add the definition of "participation in a venture." *See* Pub. L. 115-164, Apr. 11, 2018. The Sixth Circuit Court of Appeals relied on a plain reading of the phrase "participation in a venture" that applies with equal force today.

crimes. 18 U.S.C. § 1595(a) (emphasis added). In other words, "there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and a receipt of a benefit," and knowledge of that causal relationship. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019). The Complaint does not meet this standard; at most, it alleges that WHRI's subsidiaries may have benefited from a franchising relationship with the Facilities' third-party franchisees, which is insufficient.

Plaintiff attempts to distinguish *Geiss* and other cases cited by WHRI by arguing that they involved "perpetrator" claims based on criminal violations of Section 1591(a), as opposed to stand-alone civil claims under Section 1595. That is incorrect. The plaintiffs in *Geiss* sought recovery under the same language of the TVPRA as Plaintiff does in this case. *See* First Amended Complaint (Dkt. 140), *Geiss v. Weinstein Co. Holdings LLC, et al.*, 1:17-cv-09554-AKH (S.D.N.Y. Oct. 31, 2018). Moreover, Plaintiff ignores that a criminal violation of Section 1591(a)(2) and a stand-alone civil claim under Section 1595(a) both require a showing that the defendant "knowingly benefits . . . from participation in a venture" engaged in sex trafficking. *See Geiss*, 383 F. Supp. 3d at 169 n.5 ("Apart from the constructive knowledge provision, the operative language of the TVPA civil remedy and the underlying criminal statute are identical."); *compare* 18 U.S.C. § 1591(a)(2), *with* 18 U.S.C. § 1595(a).

### 3. Plaintiff does not allege that WHRI knew or should have known of Plaintiff's trafficking.

A stand-alone civil claim under Section 1595(a) requires a showing that the defendant knew or should have known that the particular venture in which it participated was committing federal sex-trafficking crimes. 18 U.S.C. §§ 1591(a), 1595(a). Allegations that a defendant knew or should have known about commercial sex, in the absence of force or coercion, are not sufficient. *See, e.g.*, *Jane Doe 1*, 2020 WL 1872335, at *3 ("[T]he statute targets commercial sex activity that

7

is forced or coerced; it does not address commercial sex activity generally.").[4] Attacks on the hospitality industry, generally, such as that hotels are sometimes used for trafficking, are not sufficient to state a TVPRA claim arising from *this* Plaintiff and *this* alleged trafficker. *Id.* at *1 (striking allegations from complaint concerning general knowledge about sex trafficking in the hotel industry generally); *Ratha*, 2017 WL 8293174, at *4. The Complaint lacks well-pled allegations specific to the Facilities that WHRI, the franchisors, or even the third-party franchisees witnessed, knew about, or should have known about Plaintiff's alleged trafficking.[5]

### 4. Plaintiff's common law theories do not cure the pleading deficiencies.

In opposing the Motion, Plaintiff invokes several common law theories in an effort to sidestep the express requirements of the TVPRA to find a basis for liability in the absence of a violation of the statute itself. Plaintiff cannot create a basis for liability that does not exist in the TVPRA. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (rejecting arguments that would read "a form of liability into" the TVPRA that is not provided by the statute itself (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 183 (1994)).

---

[4] 18 U.S.C. § 1591(e)(2) defines "coercion" as "(A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process."

[5] Plaintiff alternatively argues that failing to implement policies to prevent sex trafficking can be willful blindness sufficient to satisfy the TVPRA's scienter requirement based on misplaced reliance on *Brown v. Corr. Corp. of Am.*, 603 F. Supp. 2d 73 (D.D.C. 2009). The analysis in *Brown* is limited to Section 1983 and does not apply to the TVPRA. Moreover, *Brown* is readily distinguishable because the Complaint in this case does not allege that WHRI had notice of Plaintiff's exploitation. Again, Plaintiff does not allege that WHRI knew of or interacted with Plaintiff or her alleged trafficker. Plaintiff certainly does not allege that WHRI was willfully blind to Plaintiff's trafficking. *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (holding that "willful blindness" has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact").

An ordinary franchise relationship, in this case between subsidiaries of WHRI and third-party franchisees, cannot support Plaintiff's agency argument. *See, e.g.*, *Muminov v. Muniraj Enterprises, Inc.,* 6:11-CV-969-ORL-31, 2012 WL 760638, at *2 n.3 (M.D. Fla. Mar. 8, 2012) (holding that agreement did not give "Wyndham" any control over a third-party franchisee "sufficient to establish vicarious liability"); *Jane Doe 1*, 2020 WL 1872335, at *5 ("[T]he Amended Complaint, at best, makes allegations that are consistent with an ordinary franchise relationship (e.g., brand standards, a contractual right to inspect, a contractual right to terminate for noncompliance, etc.) which do not give rise to vicarious liability against franchisors."). Apparent agency, which requires reliance on representations by the alleged principal, is inconsistent with Plaintiff's allegation that she was trafficked against her will at the Facilities. *See In re Manke*, 2:18-CV-477-FTM-99, 2018 WL 6629957, at *5 (M.D. Fla. Dec. 19, 2018) (rejecting apparent agency arguments where reliance was lacking). Plaintiff's alter ego arguments similarly fail because there is no common corporate ownership between WHRI and the third-party franchisees that owned and operated the Facilities, or well-pled allegations that could support any of the elements necessary to establish alter ego. *See, e.g.*, *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011).

Plaintiff's reference to independent contractor liability is similarly misplaced. Plaintiff's citations to twenty-one sections of the Restatement of Torts (without explaining how any of them are relevant) and a single case applying District of Columbia tort law do not provide a basis to impute the potential liability of a franchisee to a franchisor under the TVPRA. *See* Dkt. 83, at 11-15 (citing RESTATEMENT (SECOND) OF TORTS §§ 409-429; *Wilson v. Good Humor Corp.*, 757 F.2d 1293 (D.C. Cir. 1985)). Plaintiff argues that this "same analysis applies to Plaintiff's allegation that Wyndham is directly liable to the Plaintiff as a financial beneficiary from sex trafficking under

9

the TVPRA." *See* Dkt. 83, at 15 n.6. Plaintiff's argument is a non-sequitur and ignores the elements of a TVPRA claim. In any event, the Complaint lacks well-pled allegations suggesting that WHRI "employs" any third-party franchisees as independent contractors within the meaning of the Restatement. To the contrary, Plaintiff acknowledges that WHRI's subsidiaries license the Microtel® and Howard Johnson® hotel brands to third-party franchisees, which independently owned and operated the Facilities.

Plaintiff attributes her inability to assert well-pled factual allegations to the absence of discovery. *See* Dkt. 83, at 17-18. Plaintiff, however, is required to make well-pled factual allegations at the outset that plausibly support liability. *See, e.g.*, *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1341 (S.D. Fla. 2016); *Moss v. Liberty Mut. Fire Ins. Co.*, 3:16-CV-677-J-39JBT, 2017 WL 4676629, at *7 (M.D. Fla. Aug. 18, 2017) ("The Rules of Civil Procedure do not contemplate that a plaintiff may file a complaint rife with conclusory and speculative allegations, hoping to find data and evidence to support the allegations through subsequent discovery."). Discovery is a means of substantiating well-pled allegations, not of finding a basis for conclusory allegations. In this case, Plaintiff has not asserted a claim against the owners and operators of the Facilities (the entities, if any, who could have known about the alleged trafficking), and Plaintiff cannot resort to the hope that discovery will identify facts that she has no plausible basis to allege.

### III.     CONCLUSION & REQUEST FOR RELIEF

For the foregoing reasons and those set forth in the Motion (Dkt. 59), WHRI respectfully requests that the Court enter an order dismissing the Complaint.

Respectfully submitted,

*s/ J. Trumon Phillips*
Fredrick H.L. McClure
Florida Bar No. 147354
J. Trumon Phillips
Florida Bar No. 84568
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email:  fredrick.mcclure@dlapiper.com
            trumon.phillips@dlapiper.com
            sheila.hall@dlapiper.com

David S. Sager (*pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078-2704
Phone:  973-520-2550
Fax:  973-520-2551
Email:  david.sager@dlapiper.com
*Attorneys for Defendant*
*Wyndham Hotels & Resorts, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

*s/ J. Trumon Phillips*
Attorney

**SERVICE LIST**

T. Michael Morgan
Morgan & Morgan, P.A.
20 North Orange Avenue, 16th Floor
Orlando, FL  32801
Phone:  407-418-2031
Fax:  407-245-3384
Email: mmorgan@forthepeople.com
　　　　plarue@forthepeople.com
-and-
Ashley B. Landers (admitted *pro hac vice*)
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY  40507
Phone:  859-873-7406
Fax:  859-899-8805
Email: alanders@forthepeople.com
-and-
Paul J. Pennock (admitted *pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY  10003
Phone:  212-558-5549
Fax:  212-344-5461
Email: ppennock@weitzlux.com
　　　　lschultz@weitzlux.com
*Attorneys for Plaintiff C.K.*

Michael A. Holtmann
Brandon J. Hechtman
Wicker Smith O'Hara McCoy & Ford, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone:  305-448-3939
Fax:  305-441-1745
Email: mholtmann@wickersmith.com
　　　　bhechtman@wickersmith.com
-and-
William N. Shepherd
Holland & Knight, LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL  33401
Phone:  561-650-8338
Fax:  561-650-8399

Email: william.shepherd@hklaw.com
-and-
John M. Hamrick (admitted *pro hac vice*)
Holland & Knight, LLP
1180 West Peachtree Street
Suite 1800
Atlanta, GA  30309
Phone:  404-817-8500
Fax:  404-881-0470
Email: john.hamrick@hklaw.com
*Attorneys for Defendant*
*Inter-Continental Hotels Corporation*

Laura Topalli
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
111 North Orange Avenue
Suite 1200
Orlando, FL  32801
Phone:  407-203-7592
Fax:  407-648-1376
Email: laura.topalli@wilsonelser.com
-and-
Robert E. Scott, Jr. (admitted *pro hac vice*)
Marisa A. Trasatti (admitted *pro hac vice*)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
500 East Pratt Street
Suite 600
Baltimore, MD  21202
Phone:  410-962-8408
Fax:  410-962-8758
Email: robert.scott@wilsonelser.com
          marisa.trasatti@wilsonelser.com
*Attorneys for Defendant*
*Hyatt Corporation (incorrectly named as Hyatt Hotels Corporation)*

Michael E. Lockamy
Bedell, Dittmar, DeVault, Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202
Phone:  904-353-0211
Fax:  904-353-9307
Email: mel@bedellfirm.com
-and-
Nicole M. Perry (admitted *pro hac vice*)
Jones Day

717 Texas Street, Suite 3300
Houston, TX  77002
Phone:  832-239-3791
Fax:  832-239-3600
Email: nmperry@jonesday.com
-and-
Bethany K. Biesenthal (admitted *pro hac vice*)
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL  60601
Phone:  312-782-3939
Fax:  312-782-8585
Email: bbiesenthal@jonesday.com
*Attorneys for Defendant*
*Hilton Worldwide Holdings, Inc.*

Fredrick H.L. McClure
Amanda E. Reagan
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email: fredrick.mcclure@dlapiper.com
         amy.reagan@dlapiper.com
         sheila.hall@dlapiper.com
-and-
Ellen E. Dew (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
Phone:  410-580-3000
Fax:  410-580-3001
Email: ellen.dew@dlapiper.com
*Attorneys for Defendant*
*Marriott International, Inc.*